UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUNIUS SEYMORE VERRET, JR.                         CIVIL ACTION

VERSUS                                             NUMBER: 20-0339

MICHAEL TUCKER,                                    SECTION: "J"(5)
CUT RATE BAIL BONDS

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Junius Seymore Verret, Jr., against Defendant, Michael Tucker, who is identified as a "Bond Agent" employed by Cut Rate Bail Bonds in Houma, Louisiana. (Rec. docs. 1, 8).

Plaintiff is an inmate of the Terrebonne Parish Criminal Justice Complex since his arrest on unspecified charges on December 9, 2019. (Rec. doc. 1, p. 2). As his statement of claim herein, Plaintiff alleges that this bond was wrongfully "pulled" by Defendant Tucker supposedly due to non-payment without adequate notice or adherence to proper procedures. (*Id.* at p. 5). Plaintiff seeks the return of the amount of the bond, $4,400. (*Id.*).

As noted above, Plaintiff has initiated this suit *in forma pauperis* ("IFP") pursuant to 28 U.S.C. §1915. (Rec. doc. 8). A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

The law is well-settled that in order to set forth a cognizable claim under §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986).  On that score, the Fifth Circuit has held that bail bondsmen like Tucker are not considered to be acting under color of state law where there are no allegations that the bondsman had enlisted the assistance of law enforcement officials in arresting his principal or had, and displayed, an arrest warrant. *Caballero v. Aamco Bail Bonding Company*, 149 F.3d 1179, 1998 WL 414307 (5th Cir. 1998)(table); *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 204-05 (5th Cir. 1996).  As state action is absent here, Plaintiff's §1983 action should be dismissed as frivolous and for failure to state a claim under 28 U.S.C. 1915(e)(2)(B)(i) and (ii).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. 1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that

2

such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*,

79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

     New Orleans, Louisiana, this ___21st___ day of _____April_____, 2020.

                                 MICHAEL B. NORTH
                        UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.